UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SPENCER UNG, an individual, on
behalf of himself and all others similarly situated,

        CASE NO. 0:15-cv-00127

    Plaintiff,

v.         **COMPLAINT - CLASS ACTION**

UNIVERSAL ACCEPTANCE CORPORATION,

    Defendant.
_____/

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT**
**JURY DEMAND**

1. Plaintiff Spencer Ung brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Universal Acceptance Corporation in contacting Plaintiff on his cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. "Consumer complaints about abuses of telephone technology– for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 *et seq.* Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744, 181 L.Ed.2d 881 (2012). (internal citations omitted).

3. Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because

consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this class action lawsuit under 28 U.S.C. §1331 and 47 U.S.C. §227.  Venue in this District is proper because Defendant maintains its headquarters within this District.

## INTERESTED PARTIES

5.     Plaintiff, Spencer Ung (hereinafter, "Plaintiff" or "Mr. Ung"), is a natural person, and citizen of the State of Minnesota, residing in Hennepin County, Minnesota.

6.     Defendant, Universal Acceptance Corporation (hereinafter "UAC") is a corporation organized and existing under the laws of the State of Minnesota and it maintains its Registered Office Address at 10801 Red Circle Drive, Minnetonka, MN 55343.

## THE TELEPHONE CONSUMER PROTECTION ACT

7.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of §227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

11. The TCPA prohibits the use of any "automatic telephone dialing systems" ("ATDS") to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

12. "Automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

**FACTUAL ALLEGATIONS SPECIFIC TO MR. UNG**

13. Plaintiff's cellular telephone number at all relevant times was XXX-XXX-7816 and was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

14. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. §153(39).

15. Plaintiff never applied for credit with Defendant, does not have an account with Defendant and never provided Defendant consent to use its automatic dialing equipment to call him.

16. Yet, beginning in or around June 2014, Defendant began repeatedly calling Plaintiff on his cellular telephone in an attempt to reach a Joseph Holly for whom, Mr. Ung was apparently listed as a credit reference. Mr. Holly is a tenant living in a property owned by Mr. Ung.

17. UAC was not calling Mr. Ung as a credit reference, but instead calling to collect a debt for payments it considered late.

18. Plaintiff repeatedly told UAC to stop calling him, but the calls continued.

19. Plaintiff did not provide his cellular telephone number to UAC, nor did he provide authorization for UAC to contact Plaintiff to collect purported debts of Mr. Holly.

20. Defendant continued to place calls to Plaintiff's cellular telephone number using an automated dialing system. For example, Defendant placed calls to Plaintiff's cellular telephone on at least the following dates; June 30, 2014, August 15, 2014, August 30, 2014, September 3, 2014, September 9, 2014, September 18, 2014, and September 25, 2014.

21. It is UAC's business practice to call the telephone numbers of references in attempts to collect debts even though it has no consent for such calls.

22. UAC knew that it did not have authorization to call Plaintiff on Plaintiff's cellular telephone number using an automated telephone dialing system as he was only listed as a reference and Mr. Ung instructed UAC to stop calling.

23. UAC's credit application confirms that it uses an ATDS. Specifically it states:

> By clicking the consent box below, I sign and authorize CarHop, UAC, or their affiliates, to help me get approved and driving by using automatic dialing equipment, text messaging and/or prerecorded/artificial voice messages, to deliver advertisements or telemarketing messages or service or collect upon my account using this telephone number or other telephone number that I provide them, within the terms of CarHop's Privacy Policy. I understand that this may result in charges to me and that I am not

>required to give this consent as a condition of purchasing or receiving any property, goods or services.

https://www.carhop.com/contact/application_b.php, last visited December 16, 2014.

24. When Plaintiff would answer his phone, there was a pause prior to a live operator coming on line, which is indicative of an ATDS.

25. In fact, UAC has been sued in the past for using an ATDS to call non-customer's cellular telephones. *See Thorfinnson v United Acceptance Corporation*, 14-cv-03045-JMG-CRZ (D. Ne.)

26. None of the calls that UAC placed to Plaintiff's cellular telephone number constituted emergency calls as defined by the TCPA.

## CLASS ACTION ALLEGATIONS

27. This action is brought on behalf of the following Class and Sub-Class:

>The Class:
>
>>(1) All persons in the United States (2) to whose cellular telephone number (3) UAC placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where UAC did not have express consent to call said cellular telephone number.
>
>The "reference" Sub-Class:
>
>>(1) All persons in the United States who were listed as a reference (2) to whose cellular telephone number (3) UAC placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) to call said cellular telephone number.

28. Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which the Defendant has a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned, the Judge's immediate family, and

Plaintiff's counsel and their employees. Plaintiff reserves the right to amend the above-stated class definition based upon facts learned in discovery.

29. Plaintiff alleges on information and belief based upon the Defendant's use of telephone dialing systems that the Class and Sub-Class are so numerous that joinder of all members is impracticable. There are more than forty-one (41) individuals in the Class and Sub-Class as previously defined herein.

30. There are questions of law or fact common to the Class and Sub-Class, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

    a. Whether Defendant's conduct is governed by the TCPA?

    b. Whether the telephone calls made by Defendant were placed using an automated telephone dialing system?

    c. Are the class members entitled to treble damages based upon the willfulness of Defendant's conduct?

    d. Whether Defendant should be enjoined from engaging in such conduct in the future?

31. Plaintiff's claim is typical of those of the members of the Class and Sub-Class. Within the Class and Sub-Class, all claims are based on the same facts and legal theories.

32. Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

33. Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the Class and Sub-Class predominate over any questions affecting individual members.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Certification of the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the Class and Sub-Class, thereby making final injunctive relief appropriate with respect to the Class and Sub-Class as a whole.

35. Mr. Ung requests that the Class and Sub-Class be certified as a hybrid class under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

**COUNT I**
**NEGLIGENT VIOLATIONS OF §227(b) OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**ON BEHALF OF THE CLASS AND SUB-CLASS**

36. Plaintiff incorporates the above factual allegations.

37. Defendant placed non-emergency telephone calls to Plaintiff and the members of the Class and Sub-Class using an automatic telephone dialing system or device that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

38. The calls were made without the prior express consent of the parties.

39. The aforesaid calls violate the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

40. WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the Class and Sub-Class, and against Defendant UAC for:

    a. An order certifying this case to proceed as a class action;

    b. Statutory damages of $500 dollars per call for negligent violations of the TCPA;

    c. An injunction requiring Defendant to cease all communications in violation of the TCPA; and

    d. Such further relief as this Court may deem appropriate.

## COUNT II
## WILLFUL VIOLATIONS OF §227(b) OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF THE CLASS AND SUB-CLASS

41. Plaintiff incorporates the above factual allegations.

42. Defendant placed non-emergency telephone calls to Plaintiff and the members of the Class and Sub-Class using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

43. The excessive calls were made without the prior express consent of the parties.

44. The aforesaid calls violate the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

45. WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the Class and Sub-Class, and against Defendant UAC for:

    a. An order certifying this case to proceed as a class action;

    b. Statutory damages of up to $1,500 dollars per call for each willful violation of the TCPA;

    c. An injunction requiring Defendant to cease all communications in violation of the TCPA; and

    d. Such further relief as this Court may deem appropriate.

- 9 -

## JURY DEMAND

Plaintiff demands trial by jury.

Dated January 20, 2015.                    Respectfully submitted,

*Attorneys for Plaintiffs*

**BARRY & HELWIG, LLC**

By: **s/ Peter F. Barry**
Peter F. Barry, Esq.
MN Attorney I.D.#0266577
Patrick J. Helwig, Esq.
MN Attorney I.D.#0391787
2701 University Avenue SE, Suite 209
Minneapolis, MN 55414
T: (612) 379-8800
F: (612) 379-8810
pbarry@lawpoint.com