UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Spencer Ung,

                Plaintiff,              Civ. No. 15-127 (RHK/FLN)

**MEMORANDUM OPINION**

v.                                        **AND ORDER**

Universal Acceptance Corporation,

                Defendant.

---

Michael S. Hilicki, Keith J. Keogh, Keogh Law, Ltd., Chicago, Illinois, Peter F. Barry, Patrick J. Helwig, Barry & Helwig, LLC, Minneapolis, Minnesota, for Plaintiff.

David L. Hartsell, Sarah A. Zielinski, McGuire Woods LLP, Chicago, Illinois, Patrick C. Summers, DeWitt, Mackall, Crounse & Moore, S.C., Minneapolis, Minnesota, for Defendant.

---

In this putative class-action, Plaintiff Spencer Ung alleges that Defendant Universal Acceptance Corporation ("Universal") made unauthorized calls to his cell phone, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* Based on a settlement offer made in March 2016, Universal now argues Ung's claims are moot, and it moves for the entry of judgment. For the reasons that follow, the Court will deny the Motion.

## BACKGROUND

The Complaint alleges that beginning in June 2014, Universal repeatedly called Ung's cell phone in an attempt to reach an individual named Joseph Holly, "for whom[]

Mr. Ung was apparently listed as a credit reference." (Compl. ¶ 16.) Ung had no prior relationship with Universal and had never consented to be contacted on his cell phone by the company. (Id. ¶ 15.) He repeatedly told Universal to stop calling him, but the calls continued unabated, including from an automated telephone dialing system.

Ung sued in January 2015. His two-count Complaint alleges that Universal negligently (Count I) and willfully (Count II) violated the TCPA by calling his cell phone using an autodialer without his consent. He seeks statutory damages of up to $1,500 per call and an injunction "requiring [Universal] to cease all communications in violation of the TCPA." In addition, Ung purports to act on behalf of all similarly situated persons called on their cell phones with an autodialer by Universal. On July 13, 2015, Magistrate Judge Keyes issued a Scheduling Order that, among other things, set March 1, 2016, as the deadline for Ung to move for class certification.

The parties then engaged in discovery for much of a year. Because of delays in receiving information regarding the putative class, Ung requested and was granted an extension to April 1, 2016, to move for class certification. Shortly before Ung filed such a motion, however, Universal attempted to moot this case. Specifically, on March 21, 2016, it "hand-delivered to [Ung's] counsel a certified check in the amount of $18,000 made payable to plaintiff and his counsel, along with a letter providing an offer" to stipulate to an award of costs under Rule 54 and an injunction prohibiting future calls to Ung's cell phone. (Def. Mem. at 2.) The $18,000, according to Universal, is the maximum amount of damages Ung could recover in this action on an individual basis,

because it is (allegedly) undisputed that (1) Ung seeks only statutory damages, (2) the largest amount of such damages recoverable under the TCPA is $1,500 per call, and (3) Universal called Ung 12 times (and 12 times $1,500 is $18,000). By letter dated March 25, 2016, Ung rejected the offer and returned the $18,000 check to Universal's counsel. One week later, he moved to certify a class, arguing that Universal called over 370,000 different cell phone numbers without consent.

Nevertheless, because Universal had tendered to Ung the maximum amount of damages he could arguably recover in this case, and because it also had offered a stipulated injunction and an award of costs, Universal claims it has afforded Ung complete relief. Accordingly, it now moves for the entry of judgment, asserting that this action is moot. The Court stayed further briefing on the class-certification Motion in order to address mootness. See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (*en banc*) ("If an issue is moot in the Article III sense, [the Court] ha[s] no discretion and must dismiss the action for lack of jurisdiction."). Having been fully briefed, that issue is now ripe for disposition.

## ANALYSIS

Universal largely predicates its argument on the Supreme Court's recent decision in Campbell-Ewald Co. v. Gomez, __ U.S. __, 136 S. Ct. 663 (2016). A full understanding of Campbell-Ewald requires some discussion of the legal landscape leading up to it.

I.      **Cases, controversies, and Rule 68 offers**

Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Supreme Court has held that this requires an "actual controversy [to] be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (internal quotation marks and citations omitted). Hence, if circumstances change once an action has been commenced and the plaintiff loses his "personal stake in the outcome of the lawsuit," the case is moot and must be dismissed. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

Defendants – particularly class-action defendants – often raise mootness in connection with offers of judgment under Federal Rule of Civil Procedure 68. See, e.g., Johnson v. U.S. Bank Nat'l Ass'n, 276 F.R.D. 330, 333 (D. Minn. 2011) (Keyes, M.J.). A common tactic for a defendant facing a putative class action is to offer complete relief to the named plaintiff on his *individual* claim, typically for a small sum. Id. Even when unaccepted, such an offer raises the specter of mootness because some courts have held that "a[n] . . . offer that provides complete relief to the plaintiff renders the plaintiff's claims moot, even if the plaintiff refuses the offer." Harris v. Messerli & Kramer, P.A., Civ. No. 06-4961, 2008 WL 508923, at *2 (D. Minn. Jan. 2, 2008) (Schiltz, J.) (collecting cases); accord, e.g., Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999) ("You cannot persist in suing after you've won."). And by "picking off" the named plaintiff in this fashion and mooting his individual claim, an entire putative class

action may in fact be rendered moot.  See, e.g., Holstein v. City of Chicago, 29 F.3d 1145, 1147-48 (7th Cir. 1994) (defendant's offer of refund mooted plaintiff's claim and required dismissal of putative class action); Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1045 (5th Cir. 1981) ("[A] suit brought as a class action must as a general rule be dismissed as moot when the personal claims for the named plaintiffs are satisfied, and no class has properly been certified."); Krzykwa v. Phusion Projects, LLC, 920 F. Supp. 2d 1279, 1282-83 (S.D. Fla. 2012); Jones v. CBE Grp., Inc., 215 F.R.D. 558, (D. Minn. 2003) (Doty, J.).[1]

Not surprisingly, mooting a class action in this fashion caused some consternation among courts.  As Judge Posner noted in Primax Recoveries, Inc. v. Sevilla, 324 F.3d 544, 547 (7th Cir. 2003), permitting a defendant to moot a putative class action by satisfying only the *named* plaintiff's claim would allow "the defendant [to] delay the action indefinitely by paying off each class representative in succession."  This "obviously would frustrate the objectives of class actions and would invite waste of judicial resources."  Potter v. Norwest Mortg., Inc., 329 F.3d 608, 612 (8th Cir. 2003); accord, e.g., Roper v. Consurve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978) ("The notion that a defendant may short-circuit a class action by paying off the class representatives . . .

---

[1] Different considerations apply when a defendant offers the named plaintiff complete relief *after* a class has been certified, for in that instance the "unnamed persons described in the certification acquire[] a legal status separate from the interest asserted by" the named plaintiff, which "significantly affects the mootness determination."  Sosna v. Iowa, 419 U.S. 393, 399 (1975).  In such a situation, an Article III controversy remains live "between [the] named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."  Id. at 402.

against their will[] deserves short shrift.  Indeed, were it so easy to end class actions, few would survive."), aff'd sub nom. Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326 (1980).  Nevertheless, over time courts reached inconsistent conclusions whether an unaccepted offer of complete relief could moot an individual plaintiff's claims and, in turn, scuttle a putative class action.

**II.     The Supreme Court's Symczyk decision**

The Supreme Court appeared poised to finally resolve the issue in Genesis Healthcare Corp. v. Symczyk, __ U.S. __, 133 S. Ct. 1523 (2013).  There, Symczyk commenced an action under the Fair Labor Standards Act (FLSA) after the defendants deducted 30 minutes' worth of pay for each day she worked, ostensibly to account for meal breaks.  The complaint sought unpaid wages and purported to be brought on behalf of "all other persons similarly situated" to Symczyk.[2]  The defendants answered the complaint and simultaneously served an offer of judgment under Rule 68 for $7,500 – allegedly all of the wages the plaintiff was owed – plus costs and attorneys' fees to be determined by the court.  The offer provided 10 days for acceptance, after which it would be "deemed withdrawn."  When the plaintiff failed to accept the offer within the allotted time, the defendants moved to dismiss, arguing they had offered Symczyk complete relief

---

[2] Similarly situated employees may sue jointly under the FLSA in a "collective action."  Genesis, 133 S. Ct. at 1526.  Although similar to a class action under Federal Rule of Civil Procedure 23, a collective action differs in several ways, most notably that "[p]laintiffs in class actions certified under Rule 23 are generally . . . member[s] of the class unless they opt-out," while FLSA plaintiffs "must opt-in to become . . . member[s] of the collective action."  Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 887 (N.D. Iowa 2008) (citations omitted).

and, hence, the case was moot. Symczyk responded that the defendants were improperly attempting to pick off her individual claim before a collective action could be certified.

The district court dismissed the action as moot, but the Third Circuit reversed, explaining that "calculated attempts by . . . defendants to 'pick off' named plaintiffs with strategic Rule 68 offers before certification could short circuit the process, and, thereby, frustrate the goals of collective actions." Id. at 1527. The Supreme Court then granted *certiorari* to address the question. But instead of tackling the issue head on, Symczyk simply assumed without deciding that the defendants' unaccepted offer mooted the plaintiff's claim, and it disposed of the case on other grounds. This drew a vigorous dissent by Justice Kagan, joined by three other Justices:

> Th[e] . . . view [that the defendant's offer mooted Symczyk's individual claims] is wrong, wrong, and wrong again. We made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Chafin v. Chafin, 568 U.S. __, __, 133 S. Ct. 1017, 1023 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Ibid. (internal quotation marks omitted). By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer – however good the terms – her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer – like any unaccepted contract offer – is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." Minneapolis & St. Louis Ry. Co. v. Columbus Rolling-Mill Co., 119 U.S. 149, 151 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." Fed. R. Civ. Pro. 68(b). So assuming the case was live before – because the plaintiff had a stake and the court could grant relief – the litigation carries on, unmooted.
>
> For this reason, Symczyk's individual claim was alive and well when the District Court dismissed her suit. Recall: Genesis made a settlement offer

> under Rule 68; Symczyk decided not to accept it; after 10 days . . ., it expired and the suit went forward. Symczyk's individual stake in the lawsuit thus remained what it had always been, and ditto the court's capacity to grant her relief. After the offer lapsed, just as before, Symczyk possessed an unsatisfied claim, which the court could redress by awarding her damages. As long as that remained true, Symczyk's claim was not moot, and the District Court could not send her away empty-handed.

Id. at 1533-34 (Kagan, J., dissenting) (alterations in original). Though Justice Kagan was writing in dissent, several courts of appeals subsequently adopted her reasoning. See, e.g., Tanasi v. New Alliance Bank, 786 F.3d 195, 200 (2d Cir. 2015) ("[A] rejected settlement offer [under Rule 68], by itself, [cannot render] moot[] [a] case.") (alterations in original) (internal quotation marks and citation omitted); Stein v. Buccaneers Ltd. P'ship, 772 F.3d 698, 703 (11th Cir. 2014) ("We agree with the Symczyk dissent."); Diaz v. First Am. Home Buyers Prot. Corp., 732 F.3d 948, 954-55 (9th Cir. 2013) ("We are persuaded that Justice Kagan has articulated the correct approach.").

**III.   Campbell-Ewald**

The Supreme Court put the issue to rest once and for all earlier this year in Campbell-Ewald. There, the plaintiff brought a putative TCPA class action after receiving unsolicited text messages on his cell phone from the defendant; he sought statutory damages, costs, attorneys' fees, and an injunction prohibiting future unsolicited messages. Before he moved for class certification, the defendant made a Rule 68 offer of judgment. The offer included all of the statutory damages the plaintiff could recover, an award of costs, and a stipulated injunction barring future text messages in violation of the TCPA. Because the TCPA does not provide for an award of attorney fees to a prevailing

party, the defendant contended that its offer afforded the plaintiff complete relief. The plaintiff did not accept, and the offer lapsed after 14 days pursuant to Rule 68.

Nevertheless, the defendant moved to dismiss, arguing its offer mooted the plaintiff's claim and, because he had not yet moved for class certification, mooted the putative class claims, as well. The district court denied the motion and the Ninth Circuit affirmed. On appeal, the Supreme Court affirmed, adopting Justice Kagan's dissenting opinion in Symczyk as the holding of the Court. It noted that a case becomes moot only "when it is impossible for a court to grant any effectual relief whatever to the prevailing party," and because the defendant's Rule 68 offer had lapsed without acceptance, "the parties remained adverse; both retained the same stake in the litigation they had at the outset." 136 S. Ct. at 669, 670-71. The case, therefore, could not have been moot.

Campbell-Ewald, however, left a small opening for defendants. In reaching its conclusion, the high Court distinguished three railroad-tax cases decided in the late 1800s, in which the defendants had *actually paid* the asserted taxes; each case was found to be moot upon the payment. Because Campbell-Ewald, by contrast, had paid nothing to Gomez, the Court found these railroad-tax cases inapposite, and it expressly did not address whether a different result would be required in a case where payment actually is made by the defendant. Id. at 672. Chief Justice Roberts and Justice Alito, in separate dissents, seized on this distinction. Chief Justice Roberts noted that the majority had recognized that "an *offer* of complete relief is insufficient to moot a case[, but] [t]he majority does not say that *payment* of complete relief leads to the same result." Id. at 683

(Roberts, C.J., dissenting). Continuing the theme, Justice Alito asserted that a defendant could moot a case by "pay[ing] over the money" sought by the plaintiff, either by "hand[ing] the plaintiff a certified check" or by depositing the requisite funds "in a bank account in the plaintiff's name" or with the registry of the court. Id. at 684 (Alito, J., dissenting). This, asserted the dissenters, would ensure the defendant "ma[d]e good on [its] promise" to pay. Id. at 680 (Roberts, C.J., dissenting).

**IV.    The case *sub judice***

Universal has now attempted to shoehorn its case through Campbell-Ewald's "back door." By *tendering* Ung "complete" relief on his claim, rather than merely *offering* it, Universal argues this case is now moot. And with Ung's individual claims having been mooted, Universal argues that the class claims, too, must be dismissed. The Court rejects Universal's argument for two key reasons.

First, the Court does not believe Ung's individual claims have been rendered moot by Universal's tender. With Ung having rejected the tender, the parties "remain[] adverse" and, hence, retain "the same stake in the litigation they had at the outset." Campbell-Ewald, 136 S. Ct. at 669, 670-71. Indeed, were the Court to dismiss this litigation as moot from the simple fact Universal *tendered* a now-rejected check, Ung would end up empty-handed. Symczyk, 133 S. Ct. at 1534; see also Martelack v. Toys R Us, Civ. No. 13-7098, 2016 WL 762656, at *3 (D.N.J. Feb. 25, 2016) (defendant's tender of a check for unpaid wages and offer to reinstate plaintiff to her prior position, both of which plaintiff rejected, did not render case moot).

More fundamentally, in this Court's view there is no principled difference between a plaintiff rejecting a *tender* of payment and an *offer* of payment, a distinction that did not persuade the majority in Campbell-Ewald. Indeed, other than their labels, the two do not differ in any appreciable way once rejected: in either case, the plaintiff ends up in the exact same place he occupied before his rejection. Furthermore, "basic principles of contract law" dictate that rejection of an offer cannot impact the litigation, Campbell-Ewald, 136 S. Ct. at 670, and that is no less true of a tender. A tender is nothing more than a particular species of offer. See, e.g., Dillenback v. Rossend Castle, 30 F. 462, 464 (S.D.N.Y. 1887) ("A tender and payment into court constitute an admission that the amount tendered is due, and is *a continuing offer*, which can be availed of at any time.") (emphasis added). Hence, at common law, when a plaintiff rejected a tender, his claim remained live and the court retained jurisdiction to decide it. See, e.g., 3 W. Blackstone, Commentaries on the Laws of England 303 (1768) ("[A] tender by the debtor and refusal by the creditor w[ould] . . . discharge the costs, *but not the debt itself*.") (emphasis added); Chen v. Allstate Ins. Co., __ F.3d __, 2016 WL 1425869, at *8 n.7 (9th Cir. 2016) ("[C]ommon law tender exists principally as a means of limiting damages or costs rather than mooting claims."); Haberman v. Equitable Life Assurance Soc'y of U.S., 224 F.2d 401, 408 (5th Cir. 1955) ("In the case of an obligation to pay money, . . . a tender does not discharge the debt."); Kennedy v. Boles Inv., Inc., Civ. A. No. 10-0475-WS-C, 2011 WL 2262479, at *5 n.16 (S.D. Ala. June 7, 2011). In this sense, a rejected tender works in exactly the same way as a rejected offer under Rule 68, pursuant to which the plaintiff

becomes liable for defense costs if he does not recover more than the amount offered. Fed. R. Civ. P. 68(d); Chen, 2016 WL 1425869, at *8 n.7.  Hence, there is no reason to treat a rejected *tender* of payment any differently than a rejected *offer* of payment.

Equally noteworthy is the fact that Ung requested injunctive relief in his Complaint, and Universal's "tender" involves a proposed stipulated injunction.  By its very terms, therefore, Universal *requires* further action by the Court – entry of the stipulated injunction – and thus there remains effectual relief to be granted.  The Seventh Circuit's decision in Chapman v. First Index, Inc., 796 F.3d 783 (7th Cir. 2015), is instructive in this regard.  There, as here, the plaintiff brought a putative TCPA class action, and before a class had been certified, the defendant offered the plaintiff judgment for $3,002 (full statutory damages), an injunction, and an award of costs.  The offer lapsed unaccepted, and the defendant then moved to dismiss the action as moot.  The district court granted the motion but the Seventh Circuit reversed, largely based on Justice Kagan's dissent in Symczyk.  Critically, however, the court noted:

> If an offer to satisfy all of the plaintiff's demands really moots a case, then it self-destructs. Rule 68 is captioned "Offer of Judgment."  But a district court cannot enter judgment in a moot case.  All it can do is dismiss for lack of a case or controversy.  So if the $3,002 offer made this case moot, then even if Chapman had accepted it[,] the district court could not have ordered First Index to pay.  It could have done nothing but dismiss the suit.  *Likewise with First Index's offer to have the district court enter an injunction.  As soon as the offer was made, the case would have gone up in smoke, and the court would have lost the power to enter the decree.*  Yet no one thinks (or should think) that a defendant's offer to have the court enter a consent decree renders the litigation moot and thus prevents the injunction's entry.

Id. at 786-87 (emphasis added). So too here. If this case had been rendered moot simply by Universal's tender of payment and concomitant *offer* of a stipulated injunction, then the Court would have been powerless to order equitable relief, and Ung would have been denied part of the remedy he sought from the outset. Stated differently, the case would not be moot because Universal's offer would not comprise "complete relief."

Second, it is critical that Ung brought this case as a putative class action. "By the very act of filing a class action, [Ung] assume[d] responsibilities to members of the class . . . [and] even had [all of his claims] been satisfied . . . [he] would maintain a stake in procuring class-wide relief." Roper, 578 F.2d at 1110-1111. For this reason, it has long been recognized, in the Eighth Circuit and elsewhere, that a class-action plaintiff must be afforded a reasonable opportunity to show class certification is warranted, even if his or her individual claim has been rendered moot. See, e.g., Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment *only where class certification has been properly denied* and the offer satisfies the representative's entire demand for injuries and costs of the suit.") (emphasis added). As succinctly stated by the Seventh Circuit, "[i]f the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification." Susman v. Lincoln Am. Corp., 587 F.2d 866, 870 (7th Cir. 1978); accord, e.g., Campbell-Ewald, 136 S. Ct. at 672 ("While a class lacks independent status until certified, a would-be class representative with a live claim

of her own must be accorded a fair opportunity to show that certification is warranted.")[3];

Chen, 2016 WL 1425869, at *9.

Here, Ung has not been dilatory in seeking class certification; he timely filed his Motion by the deadline set by Judge Keyes. The Court has not yet had an opportunity to pass on that Motion – indeed, it was stayed while the Court considered mootness – and thus he maintains an interest in this litigation that is not subsumed by Universal's tender, which offers no class-wide relief. Accordingly, this case is not moot. See Yaakov v. Varitronics, LLC, Civ. No. 14-5008, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (Noel, M.J.) (denying defendant's motion to deposit money into the court's registry in putative class action where there was "no purpose to the deposit defendant seeks to make other than to moot the case, and . . . Plaintiff has not yet had a fair opportunity to show that class certification is warranted"). To reach a contrary conclusion would "encourage a 'race to pay off' named plaintiffs very early in the litigation, before they file motions for class certification." Liles v. Am. Corrective Counseling Servs., Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001).

Universal responds that the class-action vehicle created by Federal Rule of Civil Procedure 23 cannot trump Article III's limitations on jurisdiction. That argument, however, has already been rejected by the Supreme Court, notably in a case involving

---

[3] Universal argues that in order for this exception to apply, a plaintiff must have a "live claim," which Ung does not have any longer. (Reply at 10 (emphasis in original).) The question, however, is not whether Ung *currently* has a live claim, but rather whether he had a live claim when Universal attempted to moot his case through its tender. At that juncture, Ung was entitled to a determination whether this case was appropriate for class-action treatment.

- 14 -

*tender* by the defendant. In Roper, the two named plaintiffs brought a putative class action against the defendant bank, alleging it had charged usurious interest on their credit cards. After the district court denied the plaintiffs' motion to certify a class, the defendant "*tendered* to each named plaintiff . . . the maximum amount that each could have recovered." 445 U.S. at 329 (emphasis added). The named plaintiffs never accepted the tender, but the defendant nevertheless moved to dismiss the case as moot, and the district court granted that motion over the plaintiffs' objection. On appeal, the Fifth Circuit reversed, and the Supreme Court then granted *certiorari* "to decide whether a *tender* to named plaintiffs in a class action of the amounts claimed in their individual capacities . . . moots the case." Id. at 328 (emphasis added).

The Supreme Court answered that question in the negative: "Neither the rejected tender nor the dismissal of the action over plaintiffs' objections mooted the plaintiffs' claim on the merits." Id. at 332-33. As then-Justice Rehnquist explained, acceptance of a tender "need not be mandated . . . since the defendant has not offered all that has been requested in the complaint (*i.e.*, *relief for the class*)." Id. at 341 (Rehnquist, J., concurring) (emphasis added). In other words, an action becomes moot "in the Art[icle] III sense" only if "an individual seeking to proceed as a class representative is *required* to accept a tender of only his individual claims," which he is not. Id. (emphasis added). This Court perceives no reason to reach a different result here. See also U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397-98 (1980) ("[A]n Art[icle] III case or controversy may exist . . . between a named defendant and a member of the class

represented by the named plaintiff, even though the claim of the named plaintiff has become moot.") (internal quotation marks and citations omitted); Alpern, 84 F.3d at 1539 (case not moot after plaintiff rejected defendant's offer of payment because the offer "only covered his individual claim and did not provide any requested relief for the class"); Epps v. Wal-Mart Stores, Inc., 307 F.R.D. 487, 490 (E.D. Ark. 2015) (noting that a "class has sufficient legal status from the time that the complaint is filed so that a case or controversy exists even if the defendant offers full relief to the named plaintiff").

     A sound prudential reason also supports this outcome.  Accepting Universal's argument would place control of a putative class action in the defendant's hands.  See Campbell-Ewald, 136 S. Ct. at 672 (rejecting the notion that an offer of complete relief can moot an entire class action, as such a "gambit" places defendant "in the driver's seat" to "avoid[ing] a potential adverse decision" on a class-wide basis "that could expose it to damages a thousand-fold larger"); Roper, 578 F.2d at 1110 ("[A] ceasefire may not be pressed upon [class-action plaintiffs] by paying their claims."); Liles, 201 F.R.D. at 455 (mootness may not be "forced upon plaintiffs by action of the defendants").  The law does not countenance the use of individual offers to thwart class litigation, because the class-action device is designed to allow "similarly situated plaintiffs to aggregate smaller claims, promoting judicial efficiency."  Lamberson v. Fin. Crimes Servs., LLC, Civ. No. 11-98, 2011 WL 1990450, at *2 (D. Minn. Apr. 13, 2011) (Report & Recommendation of Graham, M.J.), adopted, 2011 WL 1990447 (D. Minn. May 23, 2011) (Kyle, J.); accord, e.g., Roper, 445 U.S. at 339 (requiring numerous plaintiffs to file separate actions in order

to prevent them from being "picked off" before class certification "would frustrate the objectives of class actions" and "invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement"). The Court perceives no tension between Rule 23 and Article III under the circumstances here.

## CONCLUSION

For all of these reasons, the Court will deny Universal's attempt to "pay [Ung] the entire amount of individual relief he seeks in the Complaint in hopes of mooting his individual claim [and], thus, presumably, incapacitating the class action." Fauley v. Royal Canin U.S.A., Inc., __ F. Supp. 3d __, 2016 WL 2766286, at *1-2 (N.D. Ill. May 13, 2016). Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Universal's Motion for Entry of Judgment (Doc. No. 41) is **DENIED**.

The natural next step in this case is to address Ung's Motion to Certify Class (Doc. No. 54); the stay of that Motion is **LIFTED**. Before addressing class certification, however, several outstanding discovery Motions (Doc. Nos. 61, 74, 79) should be addressed by the Magistrate Judge. Accordingly, the parties should promptly notify the undersigned once those discovery Motions have been ruled upon, at which point the Court will set a briefing schedule for class certification and calendar the matter for a hearing.

Dated: June 3, 2016                     s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge