UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Spencer Ung,

                Plaintiff,                Civ. No. 15-127 (RHK/FLN)
                                                  **ORDER**

v.

Universal Acceptance Corporation,

                Defendant.

---

In this action, Plaintiff Spencer Ung alleges that Defendant Universal Acceptance Corporation ("Universal") made unauthorized calls to his cell phone, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* Previously, the Court denied Universal's Motion to Dismiss, concluding that a settlement offer by Universal in March 2016 had not mooted the case. Universal now moves again for dismissal, this time arguing Ung lacks standing based on the Supreme Court's recent decision in Spokeo, Inc. v. Robins, __ U.S. __, 136 S. Ct. 1540 (2016). For the reasons that follow, the Court will deny Universal's Motion.

The Complaint alleges that beginning in June 2014, Universal repeatedly called Ung's cell phone in an attempt to reach an individual named Joseph Holly, "for whom[] Mr. Ung was apparently listed as a credit reference." (Compl. ¶ 16.) Ung had no prior relationship with Universal and had never consented to being contacted on his cell phone by the company. (Id. ¶ 15.) He repeatedly told Universal to stop calling, but the calls

continued unabated, including from an automated telephone dialing system. He eventually sued, alleging that Universal had violated the TCPA by calling his cell phone using an autodialer without his consent; he purported to seek relief for himself and a class of similarly situated individuals.

Universal now argues that Ung lacks standing to bring his claims in light of Spokeo. There, the plaintiff alleged the defendant had violated the Fair Credit Reporting Act by disseminating false information about his marital status, age, income, and other demographics. The District Court dismissed the action because the plaintiff had made only sparse allegations of harm resulting from the dissemination and, hence, had not adequately established standing. The Ninth Circuit reversed, but on appeal the Supreme Court reversed and remanded, concluding the Court of Appeals had undertaken an incomplete standing analysis. The high Court noted that Article III standing requires an "injury in fact," meaning the "invasion of a legally protected interest" that is both "concrete and particularized." Id. at 1548. The Ninth Circuit had focused on whether the harm alleged by the plaintiff was particularized, that is, whether it affected the plaintiff "in a personal and individual way." Id. But it had overlooked whether the plaintiff also had alleged a "concrete" injury – a "real" injury that "actually exist[ed]." Id. Because the Court of Appeals had not considered this second step in the analysis, the case was remanded for a determination whether the plaintiff had suffered such an injury; the

high Court made no determination whether the plaintiff had in fact suffered a concrete injury sufficient to confer standing.[1]

Although Spokeo did not determine whether the plaintiff had suffered an injury sufficient to confer standing to sue, Universal nevertheless cites it to argue Ung has not suffered a sufficient concrete injury here. Cases, however, have repeatedly recognized that the receipt of unwanted phone calls constitutes a concrete injury sufficient to create standing under the TCPA. See, e.g., Caudill v. Wells Fargo Home Mtg., Inc., Civ. No. 5:16-066, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016) (noting that calls caused harms "such as the invasion of privacy [that] have traditionally been regarded as providing a basis for a lawsuit in the United States"); Rogers v. Capital One Bank (USA), N.A., No. 1:15-CV-4016, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016) (rejecting argument plaintiffs lacked standing under TCPA where they alleged "the Defendant made unwanted phone calls to their cell numbers"); Mey v. Got Warranty, Inc., __ F. Supp. 2d __, 2016 WL 3645195, at *7 (N.D. W. Va. 2016) (collecting cases); see also, e.g., Cour v. Life360, Inc., Civ. No. 16-805, 2016 WL 4039279, at *2 (N.D. Cal. July 28, 2016) (receipt of single unauthorized text message sufficient to create standing under TCPA). Indeed, Universal correctly notes that both Congress (in passing the TCPA) and the Federal Communications Commission (when interpreting the statute) have recognized the harms inherent in the receipt of automated calls, in particular the invasion of privacy and

---

[1] Spokeo offered an example of a "bare procedural violation" insufficient to create standing: "an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." 136 S. Ct. at 1550.

the intrusion upon seclusion.  (See Def. Mem. at 8-10.)  And Universal does not seriously quibble with the notion that receipt of autodialed calls constitutes an invasion of privacy sufficient to create standing.

Rather, Universal's argument is more nuanced.  It contends the TCPA is intended only to remedy calls placed by an "automatic telephone dialing system," 47 U.S.C. § 227(b)(1)(A)(iii), but the FCC has interpreted that term to include equipment with the *capacity* to place automated calls.  In other words, according to the FCC, a defendant may transgress the statute by *manually* dialing an unwanted phone call, as long as the system used to make the call has the capacity to autodial.  Universal claims that is precisely what happened here:  it "called Plaintiff twelve times [and] the evidence shows[] these calls were made by a live person who manually placed the calls to Plaintiff's phone number." (Def. Mem. at 2.)  As a result, Universal argues that Ung can demonstrate, at most, only the type of "bare procedural violation" insufficient to create standing under Spokeo, since the prevention of *manually* dialed calls was not the TCPA's aim.

Ung hotly contests whether the calls he received from Universal were manually dialed rather than autodialed.  But the Court need not wade into that dispute at this juncture, because assuming *arguendo* the calls were placed manually, Ung still has standing to sue.  This is because Universal's argument conflates the *means* through which it (allegedly) violated the TCPA with the *harm* resulting from that alleged violation.

An example best makes this clear.  Assume that a plaintiff sued after receiving only one unwanted phone call from the defendant.  In that instance, how would the

plaintiff's harm differ if he had received a manually dialed call placed on equipment capable of autodialing versus a call that was in fact autodialed? In either case, the plaintiff received only one call, and hence the alleged invasion of his privacy would have been precisely the same. While the injury in such a situation might well be minimal, it is enough to clear Article III's low bar for a concrete injury. See, e.g., Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015) (receipt of one junk fax sufficient to confer standing); Rogers, 2016 WL 3162592, at *1 (plaintiff had standing after receiving two phone calls); Cour, 2016 WL 4039279, at *2 (single unsolicited text message sufficient); Meyer v. Bebe Stores, Inc., Civ. No. 14-267, 2015 WL 431148, at *1-2 (N.D. Cal. Feb. 2, 2015) (same); see also Sierra Club v. U.S. Army Corps of Eng'rs, 645 F.3d 978, 988 (8th Cir. 2011) (although a concrete injury must actually exist, it need not "be large[;] an identifiable trifle will suffice") (citation omitted); Coalition for Env't v. Volpe, 504 F.2d 156, 168 (8th Cir. 1974) (when evaluating standing, the court does not "consider the weight or significance of the alleged injury, only whether it exists").[2] The manner in which the call was placed has no bearing on the existence of the injury; the use of an autodialer might increase the possibility of a plaintiff receiving hundreds or thousands of phone calls, thus perhaps increasing the *extent* of the invasion of his privacy, but it is the fact of the call (or calls) that creates the injury sufficient to confer standing. See Cour, 2016 WL 4039279, at *2 ("[S]uch

---

[2] Universal cites a case for the contrary proposition, Modica v. Green Tree Servicing, LLC, No. 14 C 3308, 2015 WL 1943222 (N.D. Ill. Apr. 29, 2015), but Modica nowhere discusses standing.

distinctions go only to the extent of the injury, not whether there was a concrete injury at all.").

In this Court's view, therefore, it makes no difference whether the calls Ung received were manually dialed or autodialed because the resultant harm is the same. And that alleged harm is a concrete injury-in-fact sufficient to confer standing.[3]

Finally, the Court notes that Universal argues, in passing, that Ung's alleged injuries are neither fairly traceable to its conduct nor redressable by a favorable decision, two additional requirements for Article III standing. The Court has little trouble rejecting these arguments. In order to show traceability, Ung must show only that Universal's calls were the source of his harm. E.g., Charvat v. Mutual First Fed. Credit Union, 725 F.3d 819, 824 (8th Cir. 2013) ("Traceability requires proof of causation, showing the injury resulted from the actions of the defendant and not . . . [from] the independent action of some third party not before the court.") (internal quotation marks and citation omitted). It is readily apparent that the *only* harm alleged in this case resulted from Universal's conduct, and not from the actions of any third parties. As for redressability, the fact the TCPA provides for statutory damages belies Universal's argument that Ung's injuries are not redressable here. E.g., Cuellar-Aguilar v. Deggeller Attractions, Inc., 812 F.3d 614,

---

[3] This assumes, of course, that a manually dialed call can actually transgress the TCPA. But that raises a *merits* issue, not a jurisdictional issue such as standing. See, e.g., Reyes Mata v. Lynch, __ U.S. __, 135 S. Ct. 2150, 2156 (2015). In other words, even if Universal showed its calls were in fact manually dialed and that such calls were beyond the TCPA's ambit, that would in no way preclude the Court from determining Ung has standing to sue.

- 6 -

621 (8th Cir. 2014) (noting the Eighth Circuit had repeatedly held that "the availability of statutory damages show[s] that the plaintiffs' injury [is] redressable").

All told, the Court is satisfied that Ung has standing to sue in this case. Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Universal's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 109) is **DENIED**.

With Universal's dispositive Motions now addressed and the Magistrate Judge having disposed of the parties' discovery Motions, the next step in this case is to address Ung's Motion to Certify Class (Doc. No. 54). Accordingly, **IT IS FURTHER ORDERED** that Universal shall serve and file its memorandum in opposition to the class-certification Motion, along with all supporting documents, on or before August 19, 2016, and Ung may serve and file a reply memorandum in further support of the Motion, if any, along with all supporting documents, on or before August 29, 2016. The Court will set the Motion for a hearing once it has received and reviewed the parties' submissions.

Dated:  August 3, 2016                                   s/Richard H. Kyle
                                                                           RICHARD H. KYLE
                                                                           United States District Judge